1  BRUCE D. GOLDSTEIN, State Bar No. 135970
   County Counsel
2  ANNE L. KECK, State Bar No. 136315
   Deputy County Counsel
3  County of Sonoma
   575 Administration Drive, Room 105-A
4  Santa Rosa, California 95403-2815
   Telephone: (707) 565-2421
5  Facsimile: (707) 565-2624
   E-mail: akeck@sonoma-county.org

6

7  Special Appearance as Attorneys for
   the County of Sonoma Sheriff-Coroner
8  (Administrator of the Sonoma
   County Main Adult Detention Facility)

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12  JONATHAN CRAIG ELFAND,              No. C 10-05692 WHA (PR)

13          Plaintiff,                  **SONOMA COUNTY SHERIFF'S**
                                        **NOTICE OF MOTION AND MOTION**
14      v.                              **TO DISMISS COMPLAINT UNDER**
                                        **THE CIVIL RIGHTS ACT;**
15  SONOMA COUNTY MEN'S ADULT           **MEMORANDUM OF POINTS AND**
    DETENTION FACILITY,                 **AUTHORITIES**
16
           Defendant.                   [No hearing date set per Order of Service,
17  _____/   Dkt. No. 5]

18          **NOTICE OF MOTION AND MOTION TO DISMISS**

19  TO PLAINTIFF IN PRO PER JONATHAN CRAIG ELFAND:

20          PLEASE TAKE NOTICE that the County of Sonoma, through its public official the Sonoma

21  County Sheriff-Coroner, administrator of the jail facility known as the Main Adult Detention

22  Facility (hereinafter, "Sheriff"), specially appears for the purpose of responding to this Court's

23  Order of Service entered December 22, 2010 (Dkt. No. 5).  By and through this motion to dismiss,

24  the Sheriff requests entry of an order dismissing the Complaint Under the Civil Rights Act, Title 42

25  U.S.C. § 1983, filed by Plaintiff in pro per Jonathan Craig Elfand on December 15, 2010.  Pursuant

26  to the Court's Order of Service, no hearing will be held on the motion unless the court so orders at a

27  later date.

28

1    The Sheriff brings this motion to dismiss pursuant to the Federal Rules of Civil Procedure,

2  Rule 12(b), subsections (1) and (6), as well as 28 U.S.C. § 1915, subd. (e)(2), on the grounds that

3  dismissal is appropriate because the court lacks subject matter jurisdiction over the complaint's

4  claims for injunctive relief, and the complaint fails to allege facts sufficient to state any claim upon

5  which relief can be granted.

6        This motion is based on this notice and motion, the accompanying memorandum of points

7  and authorities in support thereof, the Request for Judicial Notice in Support of the Sonoma County

8  Sheriff's Motion to Dismiss, the papers and pleadings on file herein, and on such oral arguments and

9  documentary evidence as may be adduced prior to or at any hearing of this matter if so ordered.

10 Dated: February 18, 2011                    BRUCE D. GOLDSTEIN, County Counsel

11

12                                          By:  /s/ Anne L. Keck
                                                ANNE L. KECK
13                                              Deputy County Counsel
                                                Attorneys for the Sonoma County Sheriff-
14                                              Coroner

# TABLE OF CONTENTS

Page(s)

I.   STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   Procedural Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.   Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. STANDARDS FOR PLEADINGS AND MOTION TO DISMISS . . . . . . . . . . . . . . . . . . 4

IV.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF . . . . . . . . . . . 6

    A.   The Complaint Should Be Dismissed for Failure to State a Claim for
       Relief under 42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        1.   The Complaint Fails to Allege Factual Content Necessary to
            Establish a First Amendment Free Exercise Claim Pursuant to
            *Malik's* "Sincerity Test" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        2.   The Complaint Does Not Name as a Defendant Any "Person"
            Subject to Suit under 42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        3.   Plaintiff Fails to Allege Facts Sufficient to Establish a *Monell* claim . . . . . . 10

    B.   Plaintiff's Complaint Should be Dismissed Pursuant to the Guarantee
       of Absolute Sovereign Immunity Under the 11th Amendment to the
       United States Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

V.   MOTION TO DISMISS INJUNCTIVE RELIEF CLAIM FOR LACK OF
    SUBJECT MATTER JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

VI.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Cases**                                                                    **Page(s)**

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ashoff v. City of Ukiah*, 130 F.3d 409 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 15

*Avalos v. Baca*, 596 F.3d 583 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Berry v. Baca*, 379 F.3d 764 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bishop Paiute Tribe v. County of Inyo*, 291 F.3d 549 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . 13

*Bougere v. County of Los Angeles*, 141 Cal.App. 4th 237 (2006) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Brady v. Marsh*, 2010 WL 3767851 (E.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Brewster v. Shasta County*, 275 F.3d 805,
*cert. denied sub nom. Shasta County v. Brewster,* 537 U.S. 814 (2002) . . . . . . . . . . . . . . . . . . . . . 13

*Byrd v. Maricopa County Sheriff's Dept.*, __ F.3d __, 2011 U.S. App.
LEXIS 86 (9th Cir. 2011) *(en banc)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Callahan v. Woods*, 658 F.2d 679 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Committee for Immigrant Rights of Sonoma County v. Sonoma County,*
2010 WL 2465030 (N.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Cotton v. Cate*, 2010 LEXIS 73878 (N.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*County of Los Angeles v. Superior Court (Peters)*, 68 Cal.App. 4th 1166 (1998) . . . . . . . . . . . 13, 15

*Erdman v. Cochise County, Arizona*, 926 F.2d 877 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . 10, 12

*Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.,*
528 U.S. 167 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Inyo County v. Paiute-Shoshone Indians of the Bishop Cmty. Of the Bishop Colony,* 538 U.S. 701
(2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . 4

*Kokkomen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673 (1994) . . . . . . . . . 5

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lewis v. City of Berkeley*, 2009 WL 33326 (N.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lopez v. Smith,* 203 F.3d 1122 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lopez v. Youngblood*, 609 F.Supp. 2d 1125 (E.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Malik v. Brown*, 16 F.3d 330 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 8, 9

*McElyea, Jr. v. Babbitt*, 833 F.2d 196 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McNeely v. County of Sacramento*, 2008 WL 48983 (E.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . 14

*Monell v. Dept. of Social Servs.*, 436 U .S. 658 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 9, 10, 12

*Moss v. United States Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Newman v. County of Ventura*, 2010 WL 1266719  (C.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . . . 14

*O'Shea v. Littleton*, 414 U.S. 488 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Oviatt v. Pearce*, 954 F.2d 1470 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Parks Sch. Of Business v. Symington*, 51 F.3d 1480 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 5

*Pschelke v. Doe*, 2010 WL 2650601 (S.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Resnick v. Adams*, 348 F.3d 763 (9th Cir. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*RK Ventures v. City of Seattle*, 307 F.3d 1046 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Streit v. County of Los Angeles*, 236 F.3d 552 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Trevino v. Gates*, 99 F.3d 911 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Turner v. Safely*, 482 U.S. 78 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*United States v. Kama*, 394 F.3d 1236 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
971 F.2d 244 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Vance v. County of Santa Clara*, 928 F.Supp. 993 (N.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . 9

*Vega v. County of Yolo*, 2009 WL 1992532 (E.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Venegas v. County of Los Angeles*, 32 Cal.4th 820 (2004) . . . . . . . . . . . . . . . . . . . . . . 12, 13, 14

*Walker v. County of Santa Clara*, 2005 WL 2437037  (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . *13*

*Weiner v. San Diego County*, 210 F.3d 1025 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*West v. Atkins* 487 U.S. 42 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*///*

*///*

*///*

**Statutes, Regulations & Other Authorities**

28 U.S.C. § 1915A(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §1915(e)(2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 16

42 U.S.C. § 1983  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Cal. Const., Art. V, § 13  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

California Government Code § 12560  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

California Government Code § 26605 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

California Penal Code § 4000  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

California Penal Code § 4004  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Federal Rules of Civil Procedure 8(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rules of Civil Procedure 12  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Federal Rules of Evidence 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

### A. Procedural Background

On December 15, 2010, Plaintiff Jonathan Craig Elfand ("Plaintiff") filed a form "Complaint Under the Civil Rights Act, Title 42 U.S.C. § 1983," against a defendant he named as the "Sonoma County Men's Adult Detention Facility," which he also refers to as the "MADF". Pursuant to Plaintiff's request, the Court granted him leave to proceed *in forma pauperis*. (Dkt. No. 4.)

In his complaint, Plaintiff alleges that the MADF has a policy that forced him to go without food or to eat non-kosher foods in violation of his faith due to "the time constraints needed to establish and prove an inmate requires the diet." (Dkt. No. 1, at p. 3.) In addition, Plaintiff alleges that the MADF does not have a policy "to accommodate the supply of kosher foods if the program officer is not available to approve the request." (*Id.*) Plaintiff alleges that these policy deficiencies caused him to go without kosher foods for "longer than the first month" of his incarceration at the MADF. Plaintiff requests two forms of relief: (1) injunctive relief in the form of "policy corrections" to prevent him from having to go without kosher food again; and (2) monetary compensation in the amount of $100,000. (*Id.*, at pp. 3-4.)

As Plaintiff is a county jail inmate purportedly proceeding pro se against a governmental officer or entity under 42 U.S.C. § 1983, this Court engaged in the preliminary screening process required by 28 U.S.C. § 1915A(a). Upon completing this process, the Court entered its Order of Service on December 22, 2010. (Dkt. No. 5.) In the Order of Service, the Court interpreted Plaintiff's complaint to allege that MADF policies required him to wait for over a month after he requested kosher meals for them to be provided; as a result, Plaintiff had to eat non-kosher meals to sustain himself, in violation of his religious beliefs. The Court stated that, when liberally construed, Plaintiff's complaint was thus "sufficient to state a cognizable claim that MADF's policies are in violation of his right to the free exercise of religion, protected by the First Amendment." (Dkt. No. 5, at p. 2.)

Pursuant to the Court's findings in the Order of Service, it also ordered the clerk to issue summons and the United States Marshall to serve copies of all relevant papers upon the defendant

named "Sonoma County Men's Adult Detention Facility." (*Id.*) To expedite the case, the Court also required that no later than 90 days from the date of the Order of Service, "defendants shall file a motion for summary judgment or other dispositive motion." (*Id.*, at p. 3.) In addition, the Court also set a briefing schedule and established other procedural requirements.

Thereafter, the United States Marshals Service filed a Process Receipt and Return, indicating service of process was made on a person named Patricia Stoddard (no title), at the "Sonoma County Men's Adult Detention Facility," located in Santa Rosa, California, on January 7, 2011. (Dkt. No. 7.)

Pursuant to stipulation, Plaintiff agreed to extend the time in which a response to the complaint is due to be filed, through and including February 18, 2011. (Dkt No. 8.)

**B.     Factual Background**

While the Court is generally precluded from considering facts outside the pleadings in reviewing a motion to dismiss brought under Federal Rule of Civil Procedure 12(b), it is permitted to consider facts properly admitted through a request for judicial notice under Federal Rule of Evidence 201.   For the purposes of permitting an expeditious resolution of this action, the Sheriff concurrently submits a Request for Judicial Notice in support of this motion, which requests judicial notice be taken of three facts, as discussed below.

First, the named defendant in this case, "Sonoma County Men's Detention Facility," is a misnomer.  The Sheriff currently administers two detention facilities: the Main Adult Detention Facility ("MADF"), and the North County Detention Facility ("NCDF").   The names attributed to the facilities are, in essence, merely the names of buildings provided for administrative convenience, and are not the names of a governmental entity.

Second, the Sheriff's official public records demonstrate that Plaintiff was admitted to the MADF on September 28, 2009.

Third, as Plaintiff's complaint refers to and incorporates the policies of the MADF relating to the provision of kosher meals, judicial notice is requested for such policies.  The relevant policies that were in effect at the time of the alleged incidents include the MADF policy styled "Special Diets

– Religious" as well as the policy named "Inmate Request Forms."[1] Together, these policies provide procedures for inmates to request special diets based on their religious beliefs. To request a religious diet, an inmate must first submit an Inmate Request Form, specifying the type of diet requested, the inmate's religious affiliation, and his/her place of worship. (RJN, Exh. B, § 5.1(A).) Jail staff must respond to all requests made via Inmate Request Forms within three (3) days of receipt. (RJN, Exh. C, § 3.0(P).) Upon receiving an Inmate Request for a special diet for religious reasons, a Correctional Officer must date the request and instruct the inmate to contact his/her religious group (via telephone or mail) and arrange for them to send a letter to the MADF Program Officer. (RJN, Exh. B, § 5.1(B).) The letter should verify the inmate's religious affiliation and outline any specific dietary requirements. Upon receipt of this letter and review of the underlying Inmate Request, the Program Officer is charged with the authority to approve or deny the request. (RJN, Exh. B, § 5.1(C).) If approved, the Program Officer must comply with certain procedural steps to document the approval and ensure that the MADF Kitchen understands and can comply with the inmate's request for a religious diet. (RJN, Exh. B, § 5.1(D).) The MADF Kitchen is directed to prepare and serve the religious diet to the inmate, within administrative parameters. (RJN, Exh. B, § 5.3.)

Official public records of the jail demonstrate that Plaintiff first came into MADF custody on September 28, 2009. Plaintiff does not allege when – or if – he complied with the MADF administrative procedures relating to requests for religious diets. His only allegation in this regard is that he submitted a grievance related to his request for kosher meals on October 25, 2009 – almost 30 days after he came into MADF custody. (Dkt. No. 1, at p. 2.) While it is true that Plaintiff was not originally provided with kosher meals upon his admission to the MADF, and was later provided kosher meals, the Sheriff contests virtually all other material facts alleged in Plaintiffs' complaint. However, for purposes of this motion, such factual disputes cannot be, and are not, addressed herein. Rather, the deficiencies of Plaintiff's complaint compel the Sheriff to specially appear to request dismissal of this action based on the face of the pleading and the accompanying Request for Judicial Notice.

---

[1]See Sonoma County Sheriff's Request for Judicial Notice in Support of Motion to Dismiss Complaint ("RJN"), Exhibits B and C, respectively.

## II. STATEMENT OF THE ISSUES

A.   The complaint should be dismissed for failure to state a claim for relief under 42 U.S.C. § 1983, pursuant to the provisions of Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2), for three separate and independent reasons:

    1.   The complaint fails to allege factual content necessary to establish a First Amendment free exercise claim, pursuant to *Malik's* "sincerity test;"

    2.   The complaint does not name as a defendant any "person" subject to suit under 42 U.S.C. § 1983; and

    3.   Plaintiff fails to allege facts sufficient to establish a *Monell* claim.

B.   The complaint should be dismissed pursuant to the guarantee of absolute sovereign immunity under the 11th Amendment to the United States Constitution provided to the Sheriff when acting as an arm of the State of California.

C.   The complaint's injunctive relief claims should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## III. STANDARDS FOR PLEADINGS AND MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a) requires that a complaint filed in federal court contain "a short and plain statement" of the grounds for the court's jurisdiction and the claims for relief. (Fed. R. Civ. Proc. 8(a).)  Complaints filed by *in forma pauperis* plaintiffs are subject to dismissal for failure to comply with Rule 8 pleading requirements through two separate procedural mechanisms. (See *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).)  First, 28 U.S.C. § 1915, subdivision (e)(2), requires a court to dismiss a case "at any time" if the court determines, *inter alia*, that the action is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. (28 U.S.C. § 1915, subd. (e)(2); see also *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).)  Second, a motion to dismiss based on a failure to state a claim upon which relief may be granted may also be brought under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  While these procedures are cumulative, the standards for determining whether the complaint fails to state a claim are the same for each of them. (*Teahan*, 481 F.Supp.2d, at 1119.)

A request for dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory.  (*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).)  To withstand a Rule 12(b)(6)

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).) In discussing the contours of this plausibility pleading requirement, the Ninth Circuit has stated:

> A claim has facial plausibility ... when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

(*Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks and citations omitted).) Accordingly, bare assertions which amount to "nothing more than a formulaic recitation of the elements" of a claim for relief are conclusory and not entitled to be assumed true. (*Iqbal*, at p. 1951, quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).)

In addition, a claim for relief may be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)").) A plaintiff bears the burden of establishing subject matter jurisdiction; in effect, the court presumes lack of jurisdiction until plaintiff proves otherwise. (*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 1675 (1994).) Pursuant to Rule 12(b)(1), a complaint should be dismissed if the plaintiff has failed to satisfy this burden. (*Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).)

When considering a motion to dismiss, the court must take all allegations of material fact in the complaint as true and construe them in the light most favorable to the nonmoving party. (*Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).) Pro se complaints are entitled to be construed liberally; however, a court may not supply essential elements of a claim that were not initially pled. (*Byrd v. Maricopa County Sheriff's Dept.*, __ F.3d __, 2011 U.S. App. LEXIS 86, *13 (9th Cir. 2011) (*en banc*), quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *as amended*) (construing plaintiff's pro se complaint liberally, the Court found his allegations "failed to state an equal protection claim because they asserted only allegedly harmful treatment and mentioned nothing about disparate treatment, much less about the specific jail policy or gender classification in general.")

Further, while presenting matters outside the pleadings is generally disallowed in a motion to dismiss – and requires treatment of the motion as one for summary judgment under Federal Rule or Civil Procedure 12(d) – there are two notable exceptions. First, the Court may consider undisputed matters of public record in connection with a motion to dismiss through a request for judicial notice. (*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).) In addition, under the "incorporation by reference rule . . . documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." (*Lewis v. City of Berkeley*, 2009 WL 33326 (N.D. Cal. 2009), quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); see also *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001).)

In support of this motion to dismiss, the Sheriff submits a Request for Judicial Notice, which seeks judicial notice of two MADF policies on two separate grounds: (a) the content of these policies are alleged in the complaint, and their authenticity is not reasonably subject to challenge; and (b) MADF policies constitute public records officially maintained by the Sheriff. In addition, the Sheriff seeks judicial notice of the name of its building and jail facility called the Main Adult Detention Facility, and the date Plaintiff came into custody at this facility, as these are matters of public record for which judicial notice is appropriate.

## IV. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF

### A. The Complaint Should be Dismissed for Failure to State a Claim for Relief Under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. (*West v. Atkins*, 487 U.S. 42, 48 (1988).) In its Order of Service, the Court found in its initial screening process that Plaintiff's complaint, when liberally construed, sufficiently stated a cognizable claim under Section 1983 that MADF's policies violated his right to the free exercise of religion, protected

Notice of Motion and Motion to Dismiss;
Memorandum of Points and Authorities
6
USDC Case No. CV-10-05692 WHA

by the First Amendment.[2]  Nevertheless, the Sheriff requests that the Court further consider the sufficiency of the complaint per the standards applicable under Federal Rule of Civil Procedure 12(b)(6), as well as 28 U.S.C. § 1915(e)(2), which lead to the conclusion that Plaintiff's complaint does not satisfy Rule 8 pleading requirements.

Indeed, a further review of the complaint demonstrates that it fails to satisfy either of the two elements required to establish a Section 1983 claim for relief.  As to the first element, Plaintiff has not alleged that his First Amendment right to freely exercise his religion was violated; instead, he merely alleges that he was not provided with a kosher meal for more than 30 days during his jail incarceration based on a jail policy (which he does not identify).  Such a conclusory allegation is insufficient to satisfy the preliminary "sincerity test" applicable to First Amendment prisoner claims, as set forth in *Malik v. Brown,* 16 F.3d 330, 333 (9th Cir. 1994).

As to the second element required to establish a Section 1983 claim, Plaintiff fails to allege that the delay in his receiving a kosher meal was caused by a "person acting under the color of state law," for two reasons.  First, Plaintiff has failed to name a proper "person" as a defendant in this case, as the name he attributed to the defendant – the "Sonoma County Men's Adult Detention Facility" – is a misnomer and is not a "person" subject to suit under Section 1983.  Second, Plaintiff has failed to allege a specific policy of action or inaction which caused him to be deprived of his religious meals, which fails the requirements established in *Monell v. Dept. of Social Servs.* [436 U.S. 658, 690-690 (1978)] and its progeny.  Each of these defenses are discussed in turn, below.

///

<hr />

[2]In a previous decision of this Court issued in the case of *Cotton v. Cate,* 2010 Lexis 73878 (N. D. Cal. 2010), it determined that a pro se prisoner complaint passed the initial screening as it had alleged cognizable free exercise of religion claims under both the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  As the Court's Order for Service in the instant case indicated that Plaintiff had alleged a cognizable free exercise of religion claim under the First Amendment – omitting any reference to RLUIPA – the Sheriff shall not address RLUIPA herein.

**1.** **The Complaint Fails to Allege Factual Content Necessary to Establish a First Amendment Free Exercise Claim Pursuant to *Malik's* "Sincerity Test"**

A prisoner's First Amendment right to exercise religious practices and beliefs does not terminate at the jail door; however, that right is "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." (*McElyea v. Babbitt,* 833 F.2d 196, 197 (9th Cir. 1987), citing *O'Lone v. Shabazz*, 483 U.S. 342, 107 S.Ct. 2400, 2404 (1987).) Consequently, to establish a violation of the First Amendment's right to the free exercise of religion, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. (*Shakur v. Schriro*, 514 F.3d 878, 884-885 (9th Cir. 2008); *Turner v. Safely*, 482 U.S. 78, 89 (1978).) The Court in *Turner v. Safely* enumerated a four-part test to determine whether a prison regulation is reasonably related to a legitimate penological interest sufficient to pass constitutional muster. (*Id.*) However, consideration of those factors are not appropriate in this motion to dismiss, as they would necessarily involve consideration of facts outside the parameters of the complaint.

Instead, the inquiry focus on the face of the pleadings is whether, as a preliminary matter, Plaintiff has alleged facts sufficient to constitute a First Amendment claim under the "sincerity test" set forth in *Malik v. Brown* [16 F.3d 330, 333 (9th Cir. 1994)] and *Callahan v. Woods* [658 F.2d 679, 683 (9th Cir. 1981)]. (*Shakur*, 514 F.3d at 885; see also *Brady v. Marsh*, 2010 WL 3767851, * 3 (E.D. Cal. 2010).) The "sincerity test" requires that a plaintiff allege: (1) the proffered belief is sincerely held; and (2) the claim is rooted in religious belief, rather than in purely secular philosophical concerns. (*Malik*, 16 F.3d at 333; *accord, Shakur*, 514 F.3d at 883.)

In his complaint, Plaintiff alleges that: (a) an MADF policy forces an inmate to go without food or to eat non-kosher foods in violation of his faith during the time needed to establish and prove an inmate requires the diet; (b) MADF does not have a policy to accommodate the supply of kosher foods if the Program Officer is not available to approve the request; and (c) based on this policy, Plaintiff was unable to acquire kosher foods for longer than the first month of his incarceration and had to care for his health by eating things not allowed under the Jewish faith. (Dkt. 1, at p. 3.)

While the complaint certainly demonstrates that Plaintiff is now unhappy about not receiving

Notice of Motion and Motion to Dismiss;
Memorandum of Points and Authorities
8
USDC Case No. CV-10-05692 WHA

kosher meals in the jail for over a month, it does not include any factual content from which the Court could infer that the "sincerity test" described in *Malik* is, or could be, satisfied. Specifically, the complaint does not allege that: (1) Plaintiff sincerely holds a religious belief; or (2) his demand for a kosher meal is rooted in his sincere religious belief, not in purely secular philosophical concerns. (See *Malik*, 16 F.3d at 333.) From the facts alleged, it is equally possible that Plaintiff's demand for a kosher meal is based solely on his desire to be treated differently from other inmates, or on medical concerns unrelated to a sincere religious belief. Because Plaintiff's complaint fails to allege factual content sufficient to satisfy this preliminary requirement to establish a First Amendment claim, the Sheriff requests that his Complaint be dismissed.

**2. The Complaint Does Not Name as a Defendant Any "Person" Subject to Suit under 42 U.S.C. § 1983**

While local governmental units, such as counties, can be considered "persons" within the meaning of Section 1983 (*see e.g., Monell v. Dept. of Social Servs*., 436 U.S. 658, 690-691 (1978)), county sub-units and facilities, such as Sheriff's Departments and the jails they run, are not. (See *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) ("municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983"); *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (while the County is a proper defendant in a § 1983 claim, its agency the Department of Corrections of Santa Clara County, is not); *Pschelke v. Doe*, 2010 WL 2640501 (S.D. Cal. 2010) (dismissing claims alleged against the San Diego County Central Detention Facility, as it is not a "person subject to suit under § 1983").)

The only named defendant in this action is the "Sonoma County Men's Adult Detention Facility." As demonstrated on the Sheriff's public website, one of the Sheriff's Office's detention facilities is called the "Main Adult Detention Facility."[3] This facility is not a "person" subject to a Section 1983 action – it is simply the name of a building. Even under a liberal construction, this name could at most be considered an administrative sub-unit of the Sheriff's Office, which itself is an

---

[3]This information is generally available to the public on the Sheriff's website at http://www.sonomasheriff.org/about_overview.php.

Notice of Motion and Motion to Dismiss;
Memorandum of Points and Authorities
9
USDC Case No. CV-10-05692 WHA

administrative subdivision of the County of Sonoma.  Accordingly, Plaintiff's complaint against the "Sonoma County Men's Adult Detention Facility" should be dismissed as Plaintiff has failed to name a "person" subject to suit under Section 1983.

### 3. Plaintiff Fails to Allege Facts Sufficient to Establish a *Monell* claim

Because Plaintiff's complaint in this matter purports to challenge an undisclosed MADF policy causing a delay in his receipt of kosher meals, his complaint is formulated in the nature of a challenge to a governmental policy, custom or practice, making it a *Monell* claim under Section 1983. (*Monell*, 436 U.S. at 694.)  In addition, as Plaintiff complains of a delay in providing him kosher meals in the jail, the essence of his claim appears to be that a policy of inaction caused a violation of his right to free exercise of religion.

Pursuant to *Monell* and its progeny, county officials may be held liable based on a policy of inaction when, through deliberate conduct, they: (1) deprived the plaintiff of a constitutional right; (2) had a policy of inaction; (3) the policy amounts to "deliberate indifference"; and (4) the policy is the "moving force of the constitutional violation." (*Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992), quoting *City of Canton v. Harris*, 489 U.S. 378, 389-391 (1989); see also *Berry v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004).)

When a government practice or custom is challenged, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." (*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 2008).)  Further, a plaintiff must allege a "direct causal link" between the constitutional deprivation and the municipal policy or custom. (*Erdman v. Cochise County, Arizona*, 926 F.2d 877, 882-883  (9th Cir. 1991), quoting *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385 (1989).)  This requires that a plaintiff actually allege the specific "policy" that caused the constitutional deprivation and resulting injury – for mistakes or isolated events of municipal officials do not arise to the level of "policy" sufficient for Section 1983 liability. (*Id.; see also Avalos v. Baca*, 596 F.3d 583, 588 (9th Cir. 2010).)  A simple act of negligence is insufficient to invoke *Monell* liability under Section 1983. (*Berry,* 379 F.3d at 767.)

Plaintiff has failed to present any factual content sufficient to establish that the Sheriff has a policy, custom or practice of inaction that deliberately causes unnecessary delay in providing kosher meals to inmates who request them based on sincere religious beliefs. In fact, a review of the information contained in the Request for Judicial Notice demonstrates that the relevant MADF policies that were in effect at the time of the alleged incident in 2009 were the "Special Diets – Religious" and "Inmate Request Forms" policies. Taken together, these policies provide that to obtain a kosher diet for religious purposes, an inmate must submit an Inmate Request Form to jail staff. Within 3 days of submission of that form, a Correctional Officer will discuss the issues with the inmate, including the requirement that he obtain a letter from a religious advisor regarding his religious affiliation and requirements for the religious diet. Yet, Plaintiff does not allege if or when he requested a kosher diet through submitting an Inmate Request Form, if or when a Correctional Officer spoke with him about the relevant administrative requirements, or if or when he obtained a letter from a religious advisor sufficient to satisfy the administrative requirements to obtain kosher meals while in jail.

Any perceived delay in providing Plaintiff with kosher meals is understandable and justifiable if Plaintiff did not timely seek approval of a religious meals accommodation through available administrative procedures. In fact, while the complaint alleges that Plaintiff submitted a grievance on October 25, 2009 regarding his kosher meal request, official jail records indicate that he first came into jail custody on September 28, 2009.

If Plaintiff claims that the very existence of the MADF's administrative policies regulating the provision of religious diets violate his First Amendment right to free exercise of religion, then his claim is not well taken. The Ninth Circuit has previously rejected a claim by a prison inmate that his compliance with an administrative application process to obtain a kosher meal violated his right to free exercise of religion. *(Resnick v. Adams*, 348 F.3d 763, 768 (9th Cir. Cal. 2003) (specifically concluding that, under *Turner v. Safely*'s four-part analysis, the requirement that the plaintiff submit an application before prison officials attempted to provide him with a kosher diet is "reasonably related to legitimate penological interests.") However this does not appear to be the basis of Plaintiff's claim.

1    Instead, it appears that Plaintiff is alleging that the jail did not follow its own policies in

2    reviewing his request for kosher meals within 3 days of receiving his Inmate Request Form based on

3    the temporary unavailability of a Program Officer, which caused a delay in providing him the meals.

4    Plaintiff thus points to a single incident which, at the very most, could be construed as a single

5    violation of established policy that is insufficient to support a claim under *Monell*. (See *Erdman,* 926

6    F.2d at 882-883.)  Plaintiff's complaint thus fails to allege sufficient factual content to constitute a

7    cognizable claim under Section 1983, and should be dismissed.

8         **B.    Plaintiff's Complaint Should be Dismissed Pursuant to the Guarantee of
              Absolute Sovereign Immunity Under the 11th Amendment to the United States
9             Constitution**

10    Under California law, the Sheriff is charged with the responsibility of administering the

11    county jails. (Cal. Government Code § 26605.)  The Sheriff, in his official capacity, could be named

12    as a proper defendant in a suit challenging jail policies and procedures.  However, when

13    administering the jail, the Sheriff is a "state actor," entitled to absolute immunity from damages

14    claims under Section 1983 pursuant to the guarantee of sovereign immunity provided by the Eleventh

15    Amendment to the United States Constitution.  Accordingly, Plaintiff's damages claims under

16    Section 1983 should be dismissed with prejudice, for the following reasons.

17    States and state officials sued in their official capacity are not considered "persons" under

18    Section 1983, and are immune from liability thereunder by virtue of the Eleventh Amendment and

19    the doctrine of sovereign immunity. (*Venegas v. County of Los Angeles*, 32 Cal.4th 820, 829 (2004).)

20    Likewise,  "[t]he rule exempting the state and its officers applies to officers such as sheriffs if they

21    were acting as state agents with final policymaking authority over the complained-of actions." (*Id.*,

22    citing *McMillian v. Monroe County*, 520 U.S. 781 (1997).)   It also necessarily follows that, if a

23    sheriff is acting for the state, then their employing counties are also not liable for their actions. (*Id.*)

24    In *Venegas*, the California Supreme Court held "California sheriffs act as state officers while

25    performing state law enforcement duties such as investigating possible criminal activity." (*Id.,* at

26    839.)  In reaching its conclusion, the *Venegas* Court conducted an extensive analysis of state and

27    federal law on the issue, analyzing two prior Ninth Circuit decisions that had previously concluded

28

sheriffs were not state actors for § 1983 purposes.[4]  The Supreme Court expressly disagreed with the holdings of the Ninth Circuit cases, and found that the analysis described in *McMillian* and other California cases required the conclusion that sheriffs act as state officers while performing state law enforcement duties. *(Id.,* at 839.)

In addition, California courts have also concluded that California sheriffs are state actors enforcing state law with respect to their custodial and housing assignment duties in operating the county jail. (See *Venegas*, 32 Cal.4th at 833, *et seq.*; *County of Los Angeles v. Superior Court (Peters),* 68 Cal.App.4th 1166 (1998); *Bougere v. County of Los Angeles*, 141 Cal.App.4th 237, 247-8 (2006).[5])  The California Supreme Court's approval of this statement of law in *Venegas* postdates an earlier Ninth Circuit decision holding to the contrary.[6]

The California Supreme Court's rejection of previous Ninth Circuit decisions on the issue of whether the sheriff is a state or local actor for Section 1983 purposes has caused uncertainty and conflicting opinions in the district courts.  Some district courts agree that the California Supreme Court is best suited to interpret California law and the nature of the Sheriff's roles, and thus apply the rule announced in *Venegas*.[7]  Other courts continue to rely on Ninth Circuit precedent on the issue.[8]

_____

[4]These Ninth Circuit cases were *Bishop Paiute Tribe v. County of Inyo*, 291 F.3d 549 (9th Cir. 2002) (vacated on other grounds and remanded in *Inyo County v. Paiute-Shoshone Indians of the Bishop Cmty. of the Bishop Colony,* 538 U.S. 701 (2003)), and *Brewster v. Shasta County*, 275 F.3d 805, cert. denied *sub nom. Shasta County v. Brewster*, 537 U.S. 814 (2002).

[5]After analyzing state and federal law, the *Bougere* Court dismissed a § 1983 against a county because, "in setting and implementing policies and procedures concerning the assignment of inmates in the county jail, the Sheriff acts as a state officer performing state law enforcement duties, and not as a policymaker in behalf of the County." (*Bougere*, 141 Cal.App.4th at 247-8.)

[6]See *Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001).

[7]See *Walker v. County of Santa Clara*, 2005 WL 2437037, at p.4 (N.D.Cal. 2005) (in holding that California sheriffs act as state officers while performing state law enforcement duties, the Court stated, that while it did not need to blindly accept California case law, "the California Supreme Court's decision [in *Venegas*] comports with this court's understanding of the function of California sheriffs," making them immune from Section 1983 liability); *accord, Committee for Immigrant Rights of Sonoma County v. Sonoma County*, 2010 WL 2465030, at p. 2 (N.D. Cal. 2010). See also *McNeely v. County of Sacramento*, 2008 WL 48983 (E.D. Cal. 2008), *affirmed on other grounds*, 344 Fed.Appx. 317 (9th Cir. 2009), *cert. denied*, 130 S.Ct. 1515 (2010) (Sheriff is a state actor when detaining plaintiff for pending criminal proceedings and a facially valid warrant, making him

While it is true that the interpretation and application of Section 1983 is a federal issue, whether a particular government official is a state or local actor is solely a question of state law, and "[t]he California Supreme Court is the ultimate interpreter of California state law." (*Weiner v. San Diego County*, 210 F.3d 1025 1028-9 (9th Cir. 2000).)

The Sheriff is an elected official who acts pursuant to the mandates of the State of California and under the direct supervision of the State Attorney General when administering the county jail, making him a "state actor" when performing that function. Specifically, the California Constitution provides that, subject to the powers and duties of the Governor, "[t]he Attorney General shall have direct supervision over every district attorney and sheriff and over such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices, and may require any of said officers to make reports concerning the investigation, detection, prosecution, and punishment of crime in their respective jurisdictions as the Attorney General may seem advisable." (Cal. Const., Art. V, § 13.) Similarly, California Government Code § 12560 gives the Attorney General "direct supervision" of all sheriffs, with power to order reports "concerning the investigation, detection and punishment of crime in their respective jurisdictions," and to direct their activities regarding these investigations. (See also, *Venegas,* 32 Cal.4th at 834.)

Further, California law provides that "the sheriff shall take charge of and be the sole and exclusive authority to keep the county jail and the prisoners in it," with certain exceptions not applicable herein. (Cal. Government Code § 26605.) The Sheriff is charged by State law with the responsibility of administering the county jails for several purposes: "(1) For the detention of persons committed in order to secure their attendance as witnesses in criminal cases; (2) For the detention of persons charged with crime and committed for trial; (3) For the confinement of persons committed for contempt, or upon civil process, or by other authority of law; [and] (4) For the confinement of persons sentenced to imprisonment therein upon a conviction for crime." (Cal. Penal Code § 4000.) The Sheriff must maintain custody of prisoners committed to the county jail "until legally

immune from Section 1983 liability).

[8]See, e.g., *Vega v. County of Yolo*, 2009 WL 1992532, at p. 4 (E.D. Cal. 2009); *Lopez v. Youngblood*, 609 F.Supp.2d 1125, 1146-8 (E.D. Cal. 2009); *Newman v. County of Ventura*, 2010 WL 1266719, at p. 5-6 (C.D. Cal. 2010).

discharged." (Cal. Penal Code § 4004.)  While the County Board of Supervisors has budget control over the Sheriff's Office, it has no direct control over how the Sheriff performs his state-mandated duties in administering the jail. (See *Peters*, 68 Cal.App.4th at 1175.)

A review of California constitutional and statutory law thus demonstrates that, when administering the MADF, the Sheriff is carrying out a function pursuant to state law, and in doing so acts as an arm of the state.  Therefore, Sheriff urges this Court to apply California precedents to determine that he is a state actor with respect to the actions alleged herein, and dismiss the complaint without leave to amend, as the Sheriff cannot be named as a defendant for a Section 1983 damages claim based on the absolute immunity guaranteed by the Eleventh Amendment.

## V.      MOTION TO DISMISS INJUNCTIVE RELIEF CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint should be dismissed if the plaintiff has failed to establish the District Court's subject matter jurisdiction pursuant to Article III's "case or controversy" requirement.  (*Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).)  It is a plaintiff's initial burden to sufficiently allege such facts to establish standing: "to satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." (*Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 180-181 (2000) (citations omitted).)

When seeking injunctive relief, a plaintiff must demonstrate that he faces a credible threat of being injured by the allegedly wrongful conduct in the future; allegations of past unlawful conduct "if unaccompanied by any continuing, present adverse effects" are insufficient to establish a claim for injunctive relief. (*O'Shea v. Littleton*, 414 U.S. 488, 494-96 (1974).)  Therefore, a plaintiff lacks standing unless there is a realistic threat that he will be subject to future unlawful conduct that could be enjoined. (See *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).)  In other words, if the conduct complained of is unlikely to happen again to the plaintiff, then plaintiff does not have

standing to seek declaratory or injunctive relief. (See *RK Ventures v. City of Seattle*, 307 F.3d 1045, 1056-1057 (9th Cir. 2002).)

Plaintiff appears to be seeking injunctive relief in his complaint, as he states that he "wants policy corrections put into effect so that this does not happen again..." (Dkt. No. 1, at p. 3.)   It is unclear precisely what type of "policy corrections" Plaintiff seeks.  Regardless, the possibility that Plaintiff would be subject to a future delay in receiving kosher meals is essentially non-existent, as such meals have been approved and the relevant MADF policies do not provide for automatic termination of religious diet accommodations.  As there appears no "realistic threat" that Plaintiff will suffer a delay in the approval of his kosher meals in the future, he lacks standing to assert any injunctive relief claims, warranting their dismissal for lack of subject matter jurisdiction.

## VI.    CONCLUSION

Based on the foregoing, the Sheriff respectfully requests that this Court dismiss the complaint filed in this action pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as 28 U.S.C. § 1915(e)(2), for failure to state a claim against a proper defendant, and based on absolute immunity from damages under 42 U.S.C. § 1983 provided by the Eleventh Amendment to the United States Constitution.  In addition, the Sheriff also respectfully requests that the Court dismiss all claims for injunctive relief pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and subject matter jurisdiction, and for such other and further relief as this Court deems just and proper.

Dated: February 18, 2011                              BRUCE D. GOLDSTEIN, County Counsel


By: _____/s/ Anne L. Keck_____
ANNE L. KECK, Deputy County Counsel
Attorneys for the Sonoma County Sheriff-
Coroner

I am a citizen of the United States. My business address is 575 Administration Drive, Room 105A, Santa Rosa, California 95403-2881. I am employed in the County of Sonoma where this service occurs. I am over the age of 18 years and not a party to the within cause. On February 18, 2011, I personally hand delivered copies of the following documents described as:

**SONOMA COUNTY SHERIFF'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT UNDER THE CIVIL RIGHTS ACT; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE and [PROPOSED] ORDER**

__ (BY FAX) by transmitting via facsimile the document (s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

_x_ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Santa Rosa, California, addressed to the persons listed below.

__ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the person listed below at the following address:

Jonathan Elfand
c/o Sonoma County Main Adult Detention Facility
2777 Ventura Ave.
Santa Rosa, CA 95403

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 18, 2011, at Santa Rosa, California.

___/s/ Eileen Shired_____
Eileen Shired