IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CRAIG ELFAND,<br><br>            Plaintiff,<br><br>  v.<br><br>SONOMA COUNTY MEN'S ADULT DETENTION FACILITY,<br><br>            Defendant.<br>                                                              / | No. C 10-5692 WHA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(Docket Nos. 9, 15-17) |

## INTRODUCTION

Plaintiff, a county jail inmate who is proceeding pro se, filed a civil rights complaint under 42 U.S.C. 1983 against the Sonoma County Main Adult Detention Facility ("MADF"), where plaintiff is incarcerated. Defendant filed a motion to dismiss the complaint for failure to state a cognizable claim for relief. Plaintiff filed two oppositions and motion for leave to amend. Defendant filed a reply brief. For the reasons discussed below, defendant's motion to dismiss is **GRANTED**, and the complaint is dismissed with leave to amend.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only" give the "defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges in his complaint that pursuant to policies in place at MADF regarding the provision of kosher meals for Jewish inmates, he had to wait for over a month after he arrived at MADF in September 2009 before he received them. As a result, he had to eat non-kosher meals, in violation of his religious beliefs, for over a month in order to sustain himself. Since October 2009, plaintiff has been receiving kosher meals. He seeks to have the policies changed so that he is not deprived of kosher food again, and he seeks compensatory damages.

1. "Sincerely Held" Belief

Defendant argues that the complaint fails to state a cognizable claim for the violation of the free exercise clause of the First Amendment because plaintiff had not alleged that his belief

2

in Judaism and the need for kosher meals is "sincerely" held. In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). A sincerity test of whether the prisoner's belief is "sincerely held" and "rooted in religious belief" determines whether the Free Exercise Clause applies. *Id.* at 884-85. To satisfy this test, the prisoner must show that the religious practice at issue satisfies two criteria: (1) the proffered belief must be sincerely held and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (cited with approval in *Shakur*, 514 F.3d at 884). Defendant is correct that Plaintiff does not allege in his complaint that he sincerely believes in the Jewish faith or in the religious practice of adhering to a kosher diet. The fact that the Jewish religion and its dietary restrictions are well-known, as plaintiff argues in his opposition, does not mean that he sincerely believes in them. Plaintiff will be given leave to amend, and in his amended complaint he must allege that he sincerely believes in Judaism and in adhering to the kosher diet for religious reasons. If he does not so allege, his claim will not be cognizable under the First Amendment, and the amended complaint will be dismissed.

2. Improper Defendant

Defendant also argues that MADF is not a party that is subject to liability. It is not a government entity, but rather simply refers to one of two buildings in which county jail inmates are housed in Sonoma County. The administrator of the building is the Sheriff-Coroner of Sonoma County, formerly William Cogbill and currently Steve Freitas. As the MADF is not an individual or government entity, it is not a "person" subject to liability under 42 U.S.C. § 1983. In his amended complaint, plaintiff must name as a defendant a government entity, such as the County of Sonoma, or an individual, such as a jail employee.

Plaintiff is cautioned that if he chooses to name a government entity as a defendant in his amended complaint, he must satisfy the requirements of a claim under *Monell*. Local governments are "persons" subject to liability under Section 1983 where official policy or custom causes a constitutional tort. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

3

1    To impose municipal liability under Section 1983, plaintiff must show: (1) that the plaintiff
2    possessed a constitutional right of which he or she was deprived; (2) that the municipality had a
3    policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional
4    rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau*
5    *v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

6    Plaintiff alleges that he was deprived of kosher meals for a month pursuant to jail policy.
7    However, defendant has submitted for judicial notice a copy of the jail's policy on religious
8    meals, which provides that when an inmate must requests a religious meal and wait three days
9    for a decision on the request. Such a policy is constitutional. *See Resnick v. Adams*, 348 F.3d
10   763, 748 (9th Cir. 2003) (finding requirement that inmate apply for religious meal and wait for
11   answer is reasonably related to legitimate penological interests and does violate the
12   constitution). Therefore, in order to state a cognizable claim against a municipal defendant,
13   plaintiff must allege more than that the denial of his meals was made pursuant to the jail's
14   policy. Rather, he must make allegations showing that there was a different practice or policy
15   at the jail that caused him not to receive the kosher meals for a month, such as a lack of
16   procedures for when the staff member in charge of making the determination for religious meals
17   is absent. A single incident in which the jail's 3-day policy was not adhered to will not suffice
18   because it does not establish a practice or policy under *Monell*. *See Trevino v. Gates*, 99 F.3d
19   911, 918 (9th Cir. 1996). Rather, he must allege multiple incidents over a period of time that
20   were caused by a jail practice or policy. If he cannot do so, then his claim is simply that the
21   jail's policy of 3-days was not adhered to in his particular case, which is not a cognizable claim
22   against a government entity, such as the County of Sonoma, under *Monell*.

23   Plaintiff may, of course, name individual jail employees as defendants in his amended
24   complaint. He must, however, only name individuals whose actions or omissions proximately
25   caused the delay in his meals. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). He
26   "must allege facts, not simply conclusions, that show that an individual was personally involved
27   in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.
28   1998). If he names any supervisors as defendants, he may not do so simply because they are the

4

employers or supervisors of other individuals who caused the delays in the meals because there is no respondeat superior liability under Section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, plaintiff must allege that the supervisor's actions or omissions, like that of any other individual defendant, proximately caused the delay in his receiving the meals.

Defendant argues that plaintiff may not name the Sheriff of Sonoma County as a defendant because the Sheriff is immune from suit under the Eleventh Amendment. The Eleventh Amendment does not bar suits against cities and counties or their officials unless they act as an "arm of the State." *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Regents of the University of California v. Doe*, 519 U.S. 425, 429 n.5 (1997). That federal question can be answered only after considering the provisions of state law that define the local government entity's character. *Ibid.* The Ninth Circuit has rejected defendant's argument. *See Brewster v. Shasta County*, 275 F.3d 803, 805-06 (9th Cir. 2001) (California county sheriff's department acts for county rather than state when investigating crime, thus county may be subject to § 1983 liability); *Streit v. County of Los Angeles*, 236 F.3d 552, 567 (9th Cir. 2001) (California county sheriff is not an arm of the state when he acts in his function as administrator and manager of county jail and therefore he can be sued under § 1983 for damages for conducting background checks before releasing inmates). Consequently, plaintiff may include the Sheriff as a defendant in his amended complaint.

3. Injunctive Relief

In addition to seeking monetary damages, plaintiff seeks injunctive relief in the form of "policy changes" in order to ensure "that this does not happen again." Defendant argues that as plaintiff is now receiving kosher meals, and has been for approximately 19 months, plaintiff has no standing to obtain such relief.

The constitutional standing requirement derives from Article III, Section 2 of the United States Constitution, which restricts adjudication in federal courts to "Cases" and "Controversies." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Article III standing is present only when (1) a plaintiff suffers a concrete, particularized injury which is actual or imminent; (2) there is a

causal connection between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Where, as here, a plaintiff seeks prospective injunctive relief, standing requires a "real and immediate threat" of future injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Plaintiff argues that he faces because he plans to continue to cultivate marijuana after he is released from jail, he will be likely in the future to return to the county jail and will have to request, and wait for, kosher meals again. This scenario is far too speculative to satisfy the requirements for standing for prospective injunctive relief. *Id.* at 105-09 (plaintiff who was stopped by police and subjected to a chokehold had no standing to pursue claim for injunctive relief where it was no more than speculation to assert that he would again break the law, be stopped, and be subjected to a chokehold without any provocation); *O'Shea v. Littleton*, 414 U.S. 488, 496-98 (1974) (finding no standing because plaintiffs could not establish that they would violate the law, be charged, held to answer, and tried in flawed proceedings). Consequently, plaintiff may not include in his amended complaint a request for injunctive relief, such as a change in the jail policies.

**CONCLUSION**

1. Defendant's motion to dismiss (docket number 9) is **Granted**. Plaintiff's "motions" in opposition to the motion to dismiss (docket numbers 15, 27) are **Denied**.

2. Plaintiff's motion for leave to file an amended complaint (docket number 16) is **GRANTED IN PART**. Within thirty days of the date this order is filed, plaintiff shall file an amended complaint in accordance with the discussion above. The amended complaint must include the caption and civil case number used in this order (No. C 10-3133 WHA (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint within the designated time and in accordance with this order will result in the

dismissal of this case.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June  13 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\ELFAND5692.MTD.wpd