IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CRAIG ELFAND,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SONOMA; WILLIAM COGBILL; STEVE FREITAS; OFFICER TANNEHILL,<br><br>    Defendant.<br>                                         / | No. C 10-5692 WHA (PR)<br><br>**ORDER OF SERVICE; GRANTING IN PART AND DENYING IN PART MOTION TO SCREEN COMPLAINT**<br><br>(Docket No. 25) |

**INTRODUCTION**

Plaintiff, a county jail inmate who is proceeding pro se, filed a civil rights complaint under 42 U.S.C. 1983. On June 16, 2011, defendant Sonoma County Main Adult Detention Facility's ("MADF") motion to dismiss the complaint for failure to state a cognizable claim for relief was granted, and plaintiff was granted leave to file an amended complaint to cure several deficiencies in the amended complaint. Plaintiff has filed an amended complaint that drops MADF as a defendant, and names as defendants the County of Sonoma, the Sheriff-Coroner Steve Freitas, the former Sheriff-Coroner William Cogbill, and the jail's former Programs Officer Tannehill. After a review the amended complaint pursuant to 28 U.S.C. 1915A(a), it is ordered served the new defendants. Defendants' motion to screen the amended complaint, in which they also request its dismissal, is granted in part and denied in part.

//

# ANALYSIS

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only" give the "defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. LEGAL CLAIMS**

Plaintiff alleged in original his complaint that pursuant to policies in place at MADF, he had to wait for over a month after he arrived at MADF in September 2009 before he received kosher meals required by his Jewish faith. The complaint was dismissed because plaintiff had

2

failed to allege that he held sincere beliefs in Judaism and the need to adhere to a Jewish diet, and because MADF was simply a building, and not an entity or individual that could be sued. Plaintiff was granted leave to file an amended complaint to allege the sincerity of his religious beliefs and to name proper defendants, with instructions on how to do so. Plaintiff has filed an amended complaint naming new defendants and alleging that in addition to not receiving the kosher meals, plaintiff also did not receive requested Jewish headware and a Jewish prayer book for over a month.

1. "Sincerely Held" Belief

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). A sincerity test of whether the prisoner's belief is "sincerely held" and "rooted in religious belief" determines whether the Free Exercise Clause applies. *Id.* at 884-85. To satisfy this test, the prisoner must show that the religious practice at issue satisfies two criteria: (1) the proffered belief must be sincerely held and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (cited with approval in *Shakur*, 514 F.3d at 884).

The amended complaint, when liberally construed, adequately alleges that plaintiff sincerely believes in the Jewish faith as well as the need to adhere to a kosher diet, to wear Jewish headware, and to pray from a Jewish prayer book. Consequently, when liberally construed, the amended complaint states a cognizable claim for the violation of his First Amendment rights, as well as for a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). *See* 42 U.S.C. §§ 2000cc-1 *et seq.*.

2. Defendants

a. Government Entity

Plaintiff names the County of Sonoma as a defendant. Local governments are "persons" subject to liability under Section 1983 where official policy or custom causes a constitutional tort. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose municipal liability

3

under Section 1983, plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

The order granting the motion to dismiss noted that defendants had submitted for judicial notice documentation showing that jail policy on religious meals requires an inmate to wait three days for a decision after he requests a religious meal, and that such a policy would be constitutional. *See Resnick v. Adams*, 348 F.3d 763, 748 (9th Cir. 2003) (finding requirement that inmate apply for religious meal and wait for answer is reasonably related to legitimate penological interests and does violate the constitution). Plaintiff has alleged in his amended complaint that in his case the process took much longer than three days. Upon his arrival at the jail, plaintiff made numerous efforts to request the religious meals and other items from a variety of jail employees, but it took approximately one month before the jail official in charge of processing such requests, the Programs Officer, responded. Once the Programs Officer responded, plaintiff received the meals within 2-3 days and the other religious items ten days later.

According to plaintiff, the jail does not provide temporary religious meals or other accommodations during the time an inmate's request is trying to submit a request to the Programs Officer but there are delays in responding to such a request for a variety of possible reasons, such as the Programs Officer is not available or not performing his duties properly, or because other jail officials do not pass the request on to him. These allegations, when liberally construed, are sufficient to state a claim that the County has a practice or policy of not providing for temporary religious meals while an inmate is attempting to request them, and that such a practice or policy caused plaintiff not to receive religious meals for approximately one month, in violation of the First Amendment and RLUIPA. In order to allow factual development and briefing on these issues, defendants' request to dismiss the claims against the County at this stage is denied.

4

In addition, plaintiff alleges that the process takes longer than three days because jail policy also requires the inmate supply verification from his institution of worship in order to obtain religious meals. It is clear from plaintiff's allegations Assuming this is true, as is required at this stage of the litigation, it is unclear whether such a policy, to the extent it necessitates a longer wait, would be permissible.

### b. Individual Defendants

Plaintiff also names three individuals as defendants. Plaintiff was cautioned that he may only name individuals whose actions or omissions proximately caused the delay in his meals. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). He "must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). If he names any supervisors as defendants, he may not do so simply because they are the employers or supervisors of other individuals who caused the delays in the meals because there is no respondeat superior liability under Section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, plaintiff must allege that the supervisor's actions or omissions, like that of any other individual defendant, proximately caused the delay in his receiving the meals.

Plaintiff names the jail's former Programs Officer Tannehill as a defendant on the theory that Tannehill was responsible for all or part of the delay in authorizing plaintiff to receive kosher meals and the Jewish headware and prayer book. These allegations are sufficient to state cognizable claims against Tannehill. Plaintiff also names the current and former Sonoma County Sheriff-Coroners who run the jail. He alleges that they created the jail's policies and procedures, and in doing so failed to create either an alternative procedure for requesting religious meals and other items or temporary accommodations when an inmate experiences a delay in obtaining a response to such a request from the Programs Officer. According to plaintiff, the Sheriff-Coroner's failure to do so caused him to suffer the month-long delay in obtaining kosher meals and other religious items. These allegations, when liberally construed, are sufficient to state cognizable claims against current and former Sheriff-Coroners Cogbill and Freitas.

5

**CONCLUSION**

1. Defendants' motion to screen the amended complaint under 28 U.S.C. 1915A(a) is **GRANTED**, but the request in that motion to dismiss the claims in the amended complaint is **DENIED.**

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter and copies of this order upon: defendants **former Sheriff-Coroner William Cogbill, current Sheriff-Coroner Steve Freitas**, and **former Programs Officer Tannehill** at the **Sonoma County Sheriff's Department**, and upon **the County of Sonoma**. A copy of this order shall also be mailed to the County Counsel for the County of Sonoma specially appearing in this matter.

3. In order to expedite the resolution of this case, it is ordered as follows:

    a. No later than ninety days from the date this order is filed, defendants shall file a motion for summary judgment. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file argue that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

    c. Defendants **shall** file a reply brief no later than fifteen days after the date of service of the opposition.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    4. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

    5. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August   29  , 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\ELFAND5692.SRV2.wpd